UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


TORIANO DECORYELL GRANT,
       Petitioner,

vs.                                  Case No.:  5:20cv108/RV/EMT

MARK INCH,
       Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Toriano Decoryell Grant (Grant) commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed a motion to dismiss the habeas petition as untimely, with relevant portions of the state court record (ECF No. 11).  Grant responded in opposition to the motion to dismiss (*see* ECF No. 14).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C) and Fed. R. Civ. P. 72(b).  After careful consideration of the issues presented by the parties, and the state court record, it is the opinion of the undersigned that the pleadings and attachments before the court show that the habeas petition is untimely.

I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background are established by the state court record submitted with Respondent's motion to dismiss (*see* ECF Nos. 11-1, 11-2, 11-3).[1]  On June 7, 2010, Grant signed a written Plea, Waiver and Consent (Plea Agreement) in the Circuit Court in and for Jackson County, Florida, Case No. 2009-CF-698 (ECF No. 11-1 at 6–7 (Plea Agreement)).  According to the terms of the Plea Agreement, Grant agreed to enter a no contest plea to one count of second degree murder (Count I) and one count of robbery with the deadly weapon (Count II), with no agreement with the State regarding Grant's sentence (*id.*).  The court held a hearing on June 7, 2010 (*id.* at 8–17 (transcript of plea hearing)).  The court conducted a colloquy with Grant, determined that his plea was knowing and voluntary, and accepted the plea (*id.*).  On September 1, 2010, the state court sentenced Grant to concurrent terms of fifty years in prison, with pre-sentence credit of 316 days (*id.* at 18–23 (Judgment)).  The judgment rendered the same day (*id.*). On September 7, 2010, Grant filed a motion to withdraw his plea (*id.* at 24–27).  The trial court denied the motion in an order rendered on November 8, 2010 (*id.* at 28–47).  On November 20, 2010, Grant filed a pro se motion for rehearing of the court's

---

[1] The court refers to the document numbers and page numbers automatically assigned by the court's electronic filing system.

Case No.: 5:20cv108/RV/EMT

order (*id.* at 48–49). The trial court denied the motion for rehearing on January 14, 2011 (*id.* at 50).

Grant attempted to appeal the judgment and sentence to the Florida First District Court of Appeal ("First DCA"), Case No. 1D11-0719, by filing a notice of appeal on January 31, 2011 (ECF No. 18 at 2 (notice of appeal); ECF No. 11-2 at 2–3 (First DCA docket)). On June 25, 2012, the First DCA dismissed the appeal, with citation to *Bridges v. State*, 863 So. 2d 366, 366 (Fla. 5th DCA 2003)[2] (*id.* at 4–5 (decision)). *Grant v. State*, 102 So. 3d 668, 668–69 (Fla. 1st DCA 2012) (Mem). The First DCA denied Grant's motion for rehearing on August 14, 2012 (*id.* at 6 (order)).

On July 13, 2012, Grant filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (ECF No. 11-3 at 7–17 (Rule 3.850 motion)). Grant subsequently filed an amended Rule 3.850 motion (*id.* at 19–29 (amended Rule 3.850 motion)). On June 12, 2013, the circuit court issued a non-final order denying one of Grant's claims and granting

---

[2] In *Bridges*, the Fifth DCA dismissed the defendant's direct appeal for lack of jurisdiction because the notice of appeal was untimely. 863 So. 2d at 366. The court held that the defendant's motion for rehearing of the trial court's order denying a motion to withdraw plea did not toll the time for filing a notice of appeal, because there is no authority, under Fla. R. Crim. P. 3.170(l) or Fla. R. App. P. 9.020(h), for filing a motion for rehearing of an order denying a motion to withdraw plea. *Id.*

an evidentiary hearing on the remaining two claims (*id.* at 30–34 (order)).  The court

held an evidentiary hearing four years later (*see id.* at 35–41 (order)).  On September

22, 2017, the court issued a final order denying Grant's amended Rule 3.850 motion

(*id.*).  Grant appealed the decision to the First DCA, Case No. 1D17-4956 (*id.* at 42–

43 (First DCA docket)).  The First DCA affirmed the lower court's decision on July

2, 2019 (*id.* at 44–45 (decision)).  *Grant v. State*, 278 So. 3d 21 (Fla. 1st DCA 2019)

(Table).  The mandate issued September 18, 2019 (*id.* at 46 (mandate)).

Grant filed his § 2254 petition on April 3, 2020 (ECF No. 1).

## II.   DISCUSSION

A one-year period of limitation applies to the filing of a habeas petition by a

person in custody pursuant to a state court judgment.  *See* 28 U.S.C. § 2244(d)(1).

The limitation period runs from the latest of:

> (A)   the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;

> (B)  the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing by
> such State action;

> (C)   the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period.  *See* 28 U.S.C. § 2244(d)(2).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 11 at 5–6).   Grant has not alleged or shown that a different statutory trigger applies.  Respondent contends Grant's judgment became final on December 9, 2010, upon expiration of the thirty-day period for filing a timely notice of appeal of the trial court's order denying Grant's motion to withdraw his plea (*see* ECF No. 11 at 5).

Under Rule 9.140 of the Florida Rules of Appellate Procedure, and *Bridges*, *supra*, Grant was required to file a notice of appeal with the clerk of the circuit court within thirty days of the date of the trial court's order denying his motion to withdraw his plea.  The trial court denied Grant's motion to withdraw his plea on November 8, 2010; therefore, the deadline for Grant to file a timely notice of appeal was December 9, 2010.  *See* Fla. R. App. P. 9.140(b)(2)(A)(ii), (3); *Bridges*, 863 So. 2d

at 366.  Grant did not file a notice of appeal by December 9, 2010 (*see* ECF No. 18

at 2 (notice of appeal filed January 31, 2011)); indeed, that was the reason the First

DCA dismissed the appeal.  Because the time for Grant to seek direct review of the

judgment and sentence expired on December 9, 2010, his conviction became "final"

on that date for purposes of § 2244(d)(1)(A)).[3]  *See, e.g., Fountain v. Fla. Dep't of*

*Corr. Sec'y*, No. 3:17cv211/LAC/CJK, 2018 WL 2422783, at *3 (N.D. Fla. May 9,

2018) (holding that finality date of petitioner's state conviction, for purposes of

§ 2244(d), was expiration of thirty-day period for filing timely notice of appeal of

judgment and sentence; state appellate court's decision dismissing petitioner's

untimely notice of appeal did not reset finality date), *Report and Recommendation*

*Adopted by* 2018 WL 2422234 (N.D. Fla. May 29, 2018) (unpublished but cited as

persuasive authority); *Ortiz v. Sec'y, Dep't of Corr.*, No. 8:16-cv-2609-T-27TGW,

2017 WL 1103168, at *2 (M.D. Fla. Mar. 23, 2017) (same); *Mann v. Sec'y, Fla.*

*Dep't of Corr.*, 3:11-cv-962-J-32MCR, 2014 WL 3721341, at *1 (M.D. Fla. July 25,

---

[3] Although a state court's **grant** of the right to file an out-of-time direct appeal resets the date when the conviction becomes "final" under the § 2244(d)(1)(A), *see Jimenez v. Quarterman*, 555 U.S. 113 121 (2009), the First DCA did **not** grant Grant the right to file an out-of-time direct appeal. Therefore, the finality date of December 9, 2010 was not reset by Grant's untimely notice of appeal.

2014) (same).  Grant's federal limitations period commenced the next day, on December 10, 2010.[4]

Assuming, without deciding, that Grant's motion for rehearing of the trial court's order denying his motion to withdraw plea qualified as a tolling motion under § 2244(d)(2),[5] it remained pending only until January 14, 2011, the date the trial court denied the motion.[6]  The federal limitations period resumed the next day, on January 15, 2011, and it expired one year later, on January 15, 2012.[7]  *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period

---

[4] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."  Fed. R. Civ. P. 6(a); *see also Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

[5] Although Grant's motion for rehearing was not authorized under Florida law, that does not mean that it was not "properly filed" under § 2244(d)(2).  *See Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233, 1238–39 (11th Cir. 2010) (holding that simply because an application for post-conviction relief is dismissed as "unauthorized," it is still "properly filed," within the meaning of § 2244(d)(2)) (citing *Artuz v. Bennett*, 531 U.S. 4, 11 (2000)).

[6] The trial court's order denying the motion for rehearing was not authorized under Florida law and was thus not appealable.  *See Bridges*, 863 So. 2d at 366.

[7] Grant's January 31, 2011 notice of appeal did not toll the limitations period, because the First DCA dismissed it as untimely.  *See Allen v. Siebert*, 552 U.S. 3, 7 (2007) (a petition rejected as untimely filed by the state courts is not a properly filed application for post-conviction or other collateral review for purposes of 28 U.S.C. § 2244(d)(2) and does not toll the limitations period).

expires on anniversary of date it began to run) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007)).

Grant's post-conviction motions filed after January 15, 2012, did not toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Grant appears to argue he is entitled to equitable tolling of the federal limitations period because he received incorrect advice from an inmate law clerk (*see* ECF No. 14). Grant alleges the inmate law clerk told him that the federal limitations period was two years, instead of one year (*id.* at 2).

"Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied

sparingly." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted).

Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the case. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012); *see Holland*, 560 U.S. at 649–50 (clarifying "the exercise of a court's equity powers must be made on a case-by-case basis" (internal quotation marks and ellipsis omitted)). The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. *Hutchinson*, 677 F.3d at 1099. Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. *Cole*, 768 F.3d at 1158 (quotation marks and citation omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citation and quotation marks omitted); *see Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (acknowledging that petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts") (internal quotation marks omitted).

Grant's lack of legal knowledge and reliance on an institutional law clerk to assist him are not rare and exceptional circumstances. *See, e.g., Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990) (rejecting habeas petitioner's argument for cause based "on his nonlawyer status, on what he sees as poor advice by inmate law clerks, and on a contention that he ought to have had legal assistance in preparing his collateral petition"). Grant has not demonstrated he is entitled to equitable tolling of the limitations period.

## III.    CONCLUSION

Grant's federal habeas petition was not filed within the one-year statutory limitations period set forth in § 2244(d). Therefore, Respondent's motion to dismiss should be granted, and this case dismissed.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336  (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck v. Davis*, — U.S.—, 137 S. Ct. 759, 773  (2017) (citing *Miller-El*, 537 U.S. at 327).   The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

Case No.: 5:20cv108/RV/EMT

1.      That Respondent's motion to dismiss (ECF No. 11) be **GRANTED**;

and the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED with**

**prejudice as untimely**.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 2^nd^ day of February 2021.


                    /s/ *Elizabeth M. Timothy*
                    **ELIZABETH M.  TIMOTHY**
                    **CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**